# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

### JOHN G. ELLIOTT

*v.*

### JAMES L. RUBEL, Assignee.

*Filed at Ottawa January 21, 1890.*

CONTRACT—*employment of attorney—as to fees—a contract construed.*
A corporation employed an attorney to defend a suit pending in the
United States Circuit Court, the written contract of retainer providing
for the payment to the attorney of the sum of $3000 as his fee, as well as
all expenses. It was further stipulated, that if the corporation failed
to make the necessary advances of the expenses, or should notify the
attorney of its intention "not to further prosecute said suit," it should
pay the attorney $50 "for each and every day's service he may have ren-
dered in said suit up to the date of such notice." The contract further
provided, that the attorney was to devote his professional services in
defense of the suit, to a final termination before the Supreme Court of
the United States, if necessary, and that the attorney should have no
claim upon the said $3000, (except as provided for in clause two of the
agreement,) until a favorable decision was obtained in the pending
suit. The corporation gave the attorney notice of its intention to de-
fend no further in the suit, which had been decided adversely to it
in the Circuit Court: *Held*, that the attorney was entitled to $50 for
each day's service up to $3000, but to nothing in excess of the latter
sum, and that he could not compel the corporation to appeal, in order
that he might earn his fee.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. FRANK A. MOORE, and Mr. FREDERICK W. PACKARD, for the appellant.

Messrs. TENNEY, DRIGGS & HAWLEY, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The "W. O. Tyler Paper Company," a corporation organized on July 1, 1885, under the laws of Illinois, made an assignment for the benefit of creditors, on August 8, 1887, to the appellee, James L. Rubel. The appellant, John G. Elliott, who is an attorney engaged in the practice of that branch of the profession, known as the patent law, filed, in November, 1887, against the assigned estate, in the county court of Cook County, a claim for legal services amounting to $12,350.00. The services are alleged to have been rendered on 247 days between June, 1885, and some time in July, 1887, at $50.00 per day, under the contract hereinafter set forth, which was made on August 5, 1885, between said Paper Company, as party of the first part, and the appellant, as party of the second part.

The appellee, as assignee, filed written objections or exceptions to the claim; hearing was had by agreement before the county judge on February 20, 1888; the exceptions were overruled, the full amount of the claim was allowed, and judgment was entered in favor of the claimant. An appeal was then taken to the Appellate Court, where the judgment of the County Court was reversed, and a further appeal allowed to this Court.

The contract above referred to is as follows:

"WHEREAS, the party of the first part desire to prosecute, for the defense, a suit now pending in the United States Circuit Court for the Northern District of Illinois, entitled, the

service up to the date of such notice, but the total amount to be paid at that rate was not to exceed $3000.00. The sum of $3000.00, named in the first clause, was intended as a limitation upon the amount, which the compensation could reach, at the rate of $50.00 per day, under the second clause. In no event, could appellant claim more than $3000.00 for his fees.

The correctness of this view is manifest from the language of the third clause. He could have "*no claim upon the $3000.00 except as provided for in clause 2,*" etc. That is to say, the compensation at the rate of $50.00 per day was to be a claim upon, or a part of, the $3000.00. The decision of the U. S. Circuit Court was not in favor of Bancroft's right to manufacture paraffine waxed paper under his patent.

Appellant could not compel his client to take the cause to the Supreme Court of the United States, in order that he might earn his fee. The Paper Co. was to determine for itself whether it would appeal the case. The language of the second clause shows, that it had a right to notify appellant of its intention to drop the prosecution. If it chose not to notify, but to carry on the suit to the final end, it would be obliged to pay $3000.00 in the event of a successful termination; but if it chose to give the notice and stay the prosecution, then it was bound to pay appellant such portion of the $3000.00 as would compensate him for his time at the rate of $50.00 per day.

The county court erred in allowing appellant more than $3000.00. The Appellate Court erred in merely reversing the cause without remanding it to the county court.

The judgment of the Appellate Court is, therefore, reversed, and the cause is remanded to the Appellate Court, with directions to enter an order reversing the judgment of the County Court and remanding the claim to the county court for further proceedings in accordance with the views here expressed.

*Judgment reversed.*